NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 8 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> EDGAR MANUEL LAZCANO, <br><br> Defendant - Appellant. | No. 23-339 <br><br> D.C. No. <br> 5:22-cr-00158-FLA-2 <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Fernando L. Aenlle-Rocha, District Judge, Presiding

Submitted February 5, 2024**
Pasadena, California

Before: OWENS, BUMATAY, and MENDOZA, Circuit Judges.

Edgar Manuel Lazcano appeals from his sentence of 87 months'

imprisonment for possession with intent to distribute fentanyl in violation of 21

U.S.C. § 841(a)(1), (b)(1)(A)(vi) and aiding and abetting the possession with intent

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

to distribute fentanyl in violation of 18 U.S.C. § 2(a). He argues that he should have received a mitigating-role adjustment to his United States Sentencing Guidelines ("the Guidelines") range under U.S.S.G. § 3B1.2. In evaluating a district court's decision to apply (or not to apply) a particular provision of the Guidelines, we review the district court's identification of the correct legal standard de novo, its findings of fact for clear error, and its application of the appropriate Guideline to the facts for abuse of discretion. *United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017) (en banc). We affirm.

1. To be eligible for a mitigating-role adjustment under the Guidelines, a defendant must prove that he is "substantially less culpable than the average participant in the criminal activity." U.S. Sent'g Guidelines Manual § 3B1.2 cmt. n.3(A) (U.S. Sent'g Comm'n 2015); *see also United States v. Diaz*, 884 F.3d 911, 914 (9th Cir. 2018). We have laid out a three-part analysis for determining whether a defendant meets this criterion, which requires courts to (1) "identify all of the individuals for whom there is 'sufficient evidence of their existence and participation in the overall scheme[]'"; (2) calculate "a rough average level of culpability for these individuals"; and (3) "compare the defendant's culpability to that average." *United States v. Dominguez-Caicedo*, 40 F.4th 938, 960 (9th Cir. 2022) (citations omitted). Lazcano argues that the district court applied the wrong legal standard because it did not compare him to "all of the individuals for whom

there [was] 'sufficient evidence of their existence and participation in the overall scheme.'" *Id.* He asserts the district court mistakenly limited the scope of comparison to his co-defendant.

The government contends that Lazcano never objected to the district court's purported use of the wrong standard at sentencing, so this claim should be subject to plain-error review. Assuming Lazcano preserved this challenge by arguing below that he should be compared to participants other than his co-defendant, *see United States v. Rodriguez*, 880 F.3d 1151, 1159 (9th Cir. 2018), the district court did not apply the wrong legal standard. Lazcano disagrees with the district court's factual finding that his co-defendant was the only other individual for whom there was "sufficient evidence of [his] existence and participation in the overall scheme." *Dominguez-Caicedo*, 40 F.4th at 960. But this factual disagreement is not an "indication that the district court had in mind a different definition of [the governing legal standard]," given that the district court made "explicit reference to the section number of the applicable Guidelines provision" and "use[d] the language" of the "substantially less culpable than the average participant" standard in rendering its decision. *Gasca-Ruiz*, 852 F.3d at 1174.

2. The district court also did not clearly err in finding that Lazcano's co-defendant was the only other individual for whom there was "sufficient evidence of [his] existence and participation in the overall scheme." *Dominguez-Caicedo*,

40 F.4th at 960. While the record contained evidence of the *existence* of other participants, the district court did not clearly err by determining there was insufficient evidence of their specific *participation* in the overall scheme. Apart from stating that someone instructed him to do the job and someone else was going to pick up the fentanyl from him, Lazcano did not identify the identities, "locations," or "roles" of such other individuals. *Cf. Diaz*, 884 F.3d at 917. Moreover, we have repeatedly refused to infer other participants "based on how drug trafficking organizations typically operate." *See, e.g.*, *Dominguez-Caicedo*, 40 F.4th at 965.

3. Finally, the district court did not abuse its discretion when it decided that Lazcano was not "substantially less culpable than the average participant in the criminal activity" and thus ineligible for a mitigating-role adjustment. The district court plausibly concluded that Lazcano and his co-defendant had the same "average level of culpability" given that both men intended to transport and store a large quantity of fentanyl. *Id.* at 960.

At sentencing, the district court stated that it had considered each of the factors in U.S.S.G. § 3B1.2 cmt. n.3(C), though it did not explain its conclusions as to each one. But a district judge is not "obligated to tick off the factors on the record to show that it considered them." *Diaz*, 884 F.3d at 916. On the merits of these factors, the government concedes that at least three weighed in Lazcano's

23-339

favor: He did not plan (the second factor), exercise decision-making authority over (the third factor), or stand to benefit to a large degree from (the fifth factor) the criminal activity.

But the fourth factor—the nature and extent of Lazcano's participation—weighed against Lazcano because the district court determined that Lazcano possessed a "significant amount of [f]entanyl" and "served . . . as a vital link in the distribution chain of what sadly has become a very dangerous drug in our country." Finally, it would not have been "illogical" or "implausible" to conclude that the first factor—the degree to which Lazcano understood the scope and structure of the criminal activity—weighed against Lazcano given that he admitted to having committed the crime before. *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc) (quoting *Anderson v. Bessemer City*, 470 U.S. 564, 577 (1985)). Therefore, the district court's ultimate decision to deny Lazcano the adjustment was not an abuse of discretion.

**AFFIRMED.**